UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
Revised 07/07 WDNY
NOV 22 2017
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

Gina L. Beam

Jury Trial Demanded: Yes ✓  No ___

Name(s) of Plaintiff or Plaintiffs

-vs-

Niagara County Community College, Niagara County, The Board of Trustees of Niagara County Community College; James P. Klyczek; Vincent R. Ginestre; William L. Ross; Gina I. Virtuoso; Sheila Smith; Bonnie R. Sloma; Bradley W. Rowles; Jason J. Cafarella; Vincent M. Sandonato; Katelynn DeLac; the Estate of James Ward; Henry Wojtaszek; Barbara DeSimone, Catherine Brown; Luba Chliwniak; William Schickling; The College Assoc. of Niagara County Community College

Name of Defendant or Defendants

DISCRIMINATION COMPLAINT

17-CV- CV1208

You should attach a copy of your **original Equal Employment Opportunity Commission (EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision**, AND a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint. Failure to do so may delay your case.

*Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

✓   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin).
    **NOTE:** In order to bring suit in federal district court under Title VII, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

___   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).
    **NOTE:** In order to bring suit in federal district court under the Age Discrimination in Employment Act, you **must first file charges** with the Equal Employment Opportunity Commission.

✓   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).
    **NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, and any related claims under New York law.

**In addition to the federal claims indicated above**, you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

✓ New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

# PARTIES

1. My address is: 423 Brookshire Road, Youngstown, New York, 14174

   My telephone number is: (716) 361-8226

2. The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

   Name: Niagara County Community College; Niagara County; The College Assoc. of Niagara County Community College

   Number of employees: 687 full and part-time according to published numbers on website on 11/20/17

   Address: 3111 Saunders Settlement Road, Sanborn, NY 14132

3. (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked. (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

   Name: Niagara County Community College

   Address: 3111 Saunders Settlement Road, Sanborn, New York, 14132

# CLAIMS

4. I was first employed by the defendant on (date): May 5, 2014

2

5. As nearly as possible, the date when the first alleged discriminatory act occurred is: _____
on or about May, 2015

6. As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any did): May, 2015; on or about 1/20/2016; on or about the following days: 2/29/2016; 4/14/2016; 4/21/16; 7/20/16; 7/21/16; 8/30/16; 9/1/16; 9/2/16; 9/7/16; 9/9/16; 9/14/16; 9/15/16; 9/16/16; 9/19/16; 9/21/16; 9/23/16; 9/25/16; 9/26/16 - 9/30/16; 9/29/17; 10/17/16; 10/18/16; 10/19/16; 10/24/16; 10/27/16; 10/31/16; 11/2/16; 11/7/17; 11/17/16; 11/28/16; 11/28/17; 11/30/16 -12/5/16; 11/30/16; 12/6/16; 9/27/17; 10/17/17

7. I believe that the defendant(s)

   a. _____ Are still committing these acts against me.
   b. ✓ Are not still committing these acts against me.
   (Complete this next item **only** if you checked "b" above)   The last discriminatory act against me occurred on (date) October 17, 2017
   _____

8. (Complete this section **only** if you filed a complaint with the New York State Division of Human Rights)

   The date when I filed a complaint with the New York State Division of Human Rights is
   _____
   _ (estimate the date, if necessary)

   I filed that complaint in (identify the city and state): _____
   _____

   The Complaint Number was: _____

9. The New York State Human Rights Commission did _____ /did not _____ issue a decision. (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

10. The date (if necessary, estimate the date as accurately as possible) I filed charges with the Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged discriminatory conduct is: ____February 23, 2017____

11. The Equal Employment Opportunity Commission did _____ /did not _____ issue a decision. (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

12. The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue letter which I received on: ____August 30, 2017____. (**NOTE:** If it

3

**did** issue a Right to Sue letter, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13. I am complaining in this action of the following types of actions by the defendants:

   a. _____ Failure to provide me with reasonable accommodations to the application process

   b. _____ Failure to employ me

   c. ✓ Termination of my employment

   d. _____ Failure to promote me

   e. ✓ Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

   f. ✓ Harassment on the basis of my sex

   g. ✓ Harassment on the basis of unequal terms and conditions of my employment

   h. ✓ Retaliation because I complained about discrimination or harassment directed toward me

   i. ✓ Retaliation because I complained about discrimination or harassment directed toward others

   j. _____ Other actions (please describe) _____

14. Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

   a. _____ Race

   b. _____ Color

   c. ✓ Sex

   d. _____ Religion

   e. _____ National Origin

   f. ✓ Sexual Harassment

   g. _____ Age _____ Date of birth

   h. ✓ Disability
   Are you incorrectly perceived as being disabled by your employer?
   \_\_\_\_ yes ✓ no

15. I believe that I was ✓ /was not _____ **intentionally** discriminated against by the defendant(s).

4

16. I believe that the defendant(s) is/are _____ is not/are not _✓_ still committing these acts against me. (If you answer is that the acts are not still being committed, state when: October 17, 2017 and why the defendant(s) stopped committing these acts against you: They terminated my employment.

17. **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (NOTE: You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18. The Equal Employment Opportunity Commission *(check one)*:
    _____ **has not** issued a Right to sue letter
    _✓_ **has** issued a Right to sue letter, which I received on August 30, 2017

19. State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

    Niagara County Community College is sponsored by Niagara County. According to "NCCC Policy Manual Revised February 2015" which was in affect during the plaintiffs tenure, Article 1.2 states, "Policies for the administration of the college shall be approved by the local Board of Trustees pursuant to the provisions of Article 126 of the NY State Education Law and the Niagara County Legislature's Resolution of July 31, 1962 establishing a modified Plan C." Article 4.1 states the duties of the Officers:"...The Chairperson shall appoint trustees as official representatives to appropriate associations/foundations..." Henry Wojtaszek was the Chairperson when I first met with him to discuss James P. Klyczek's harassment of me, Code of Conduct and Conflict of Interests as stated in aforementioned policy manual which references General Municipal Law. James Ward was Vice Chairperson and then became Chairperson when I spoke to him of Mr. Klyczek's harassment, code of conduct, and conflict of interests. Mr.Klyczek was the sitting president of the college, as well as the CEO of the College Association of NCCC which caused the conflict of interest.
    1. Beginning in May, 2015 and continuing to on or about December 6, 2016, I was subjected to additional duties and responsibilities

## FOR LITIGANTS ALLEGING AGE DISCRIMINATION

20. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
    _____ 60 days or more have elapsed       _____ less than 60 days have elapsed

## FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM

21. I first disclosed my disability to my employer (or my employer first became aware of my disability on September 26, 2016

5

Gina L. Beam

Pro Se Discrimination Complaint Question 19 (Continued)

Including accounts payable and budgeting for various projects. I did not receive additional funds for these duties, but my male counterparts were properly compensated.

2. During this time, I was told by my supervisor, James P. Klyczek, to pay for some projects by violating New York State financial and Education laws. When I opposed his harassment by going to Board of Trustees Chairperson Henry Wojtaszek and Vice Chairperson, James Ward in April of 2016, Mr. Klyczek began threatening my job in retaliation.

3. I contacted Human Resources on numerous occasions to complain about harassment and retaliation by Mr. Klyczek. Harassment and retaliation became repeated and systemic as it was orchestrated by Mr. Klyczek. It was carried out by Mr. Klyczek as well as Ms. Barbara Murphy DeSimone, Ms. Catherine Brown and Ms. Luba Chliwniak. In addition to complaining to Human Resources, I took my complaints to Board Chairperson, Mr. Henry Wojtaszek as well as Board Chairperson Mr. James Ward, however nothing was done.

4. By August of 2016, when I was still refusing to break the law, I was told, "If you have any concerns, you can't have this job." When I would not break the law, Mr. Klyczek violated my civil rights by harassing me further, repeatedly emailing me when he was told by my lawyer at the time to no longer contact me, that I was out on sick leave and all correspondence was to go through my attorneys. Mr. Klyczek disregarded this communication and continued to harass and cyberbully me, and then engaged in extreme retaliation which included even more work duties and undue scrutiny that other employees at my same level within the college did not face. He recruited Ms. Barbara Murphy DeSimone, Ms. Catherine Brown, and Ms. Luba Chliwniak to harass and intimidate me as a form of retaliation.

5. These actions led to the plaintiff suffering panic attacks and subsequently being placed under doctor's care and intermittent FMLA. Mr. Klyczek's, Ms. Brown's and Ms. Murphy DeSimone's response was to increase the plaintiff's job duties when she came back to work, subject her to additional meetings, and try to subject her to additional hours which were outside of the hours that Human Resources had given to the plaintiff's doctor's office as her normal work hours.

6. As retaliation escalated, when plaintiff returned to work from time off from work imposed by plaintiff's doctor due to stress from work, employer added further stress in the form of additional duties, meetings, hours, and scrutiny while taking away support staff, taking away plaintiff's access to work email, employer provided cell phone and employer provided desk phone with voicemails. This was all in violation of the employer's own policies.

7. I was also subjected to sexual comments on multiple occasions about my "beautiful lips", "gorgeous makeup" and my supervisor wanting to see me "mud wrestle" another female colleague frequently.

8. I believe I was subjected to a hostile, offensive and intimidating work environment because of my gender, my opposition to comments made by Mr. Klyczek and two Vice Presidents regarding

Gina L. Beam

sexual assault victims, my opposition to Mr. Klyczek's actions against college policies listed in the published policy manual. This led to the retaliation in extreme forms, ultimately ending in my termination (the ultimate retaliation) as a Niagara County Community College employee.

22. The date on which I first asked my employer for reasonable accommodation of my disability is __October 17, 2016__

23. The reasonable accommodations for my disability (if any) that my employer provided to me are: __Employer allowed me to use my time off but the doctor's paperwork called for less stress at work.__

24. The reasonable accommodation provided to me by my employer were _____/were not __✓__ effective.

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated: *Nov. 22, 2017*  _____
Plaintiff's Signature

*Wendy J Brown*

WENDY J. BROWN
Notary Public, State of New York
Registration #01BR6348997
Qualified In Niagara County
Commission Expires Oct. 11, 20__

6

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>846-2017-07083 |
|---|---|---|

New York State Division Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Gina L. Beam | Home Phone (Incl. Area Code)<br>(716) 361-8226 | Date of Birth<br>1974 |
|---|---|---|

Street Address: 423 Brookshire Road, Youngstown, NY 14174

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>NIAGARA COUNTY COMMUNITY COLLEGE | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(716) 614-6222 |
|---|---|---|

Street Address: 3111 Saunders Settlement Road, Sandborn, NY 14132

RECEIVED
FEB 23 2017
E.E.O.C. BULO

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: ~~04-25-2016~~ 05-2015    Latest: 12-06-2016
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a qualified individual with a disability. I have worked for the Respondent since on or about May 5, 2014. My last position was Director of Public Relations. My gender is female.

Beginning on or about ~~April 2016~~ 05-2015 and continuing to on or about December 6, 2016, I was subjected to additional duties and responsibilities, including accounts payable and budgeting for various projects. I did not receive additional funds for these duties, but my male counterparts were properly compensated.

During this time I was asked by my supervisor to pay for some projects by violating New York State financial laws. When I refused to break the law I was told, "If you have any concerns you can't have this job." I was also subjected to sexual comments about my "beautiful lips" and "gorgeous makeup".

I believe that I was subjected to this hostile, offensive and intimidating work environment because of my

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) 2/14/2017

ELIZABETH M. TOMMANEY
No. 02TO5086229
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 1/22/18

Case 1:17-cv-01208-LJV-HBS   Document 1   Filed 11/22/17   Page 10 of 17

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>846-2017-07083 |
|---|---|---|

**New York State Division Of Human Rights** and EEOC
*State or local Agency, if any*

gender in willful violation of Title VII of the Civil Rights Act of 1964, as amended.

I contacted human resources on numerous occasions to complain about the harassment. I also requested time off at various times to deal with complications related to my disability. The Respondent retaliated by assigning my responsibilities to an acting director while I was still in the office. My e-mail was cut-off and my phone access was denied. My staff was informed they could not make contact with me. When I returned I discovered that my duties had been changed and my subordinates had been reassigned.

On or about December 6, 2016, I was suspended indefinitely.

I believe that I was suspended indefinitely in retaliation for complaining about gender harassment and because I requested a reasonable accommodation in willful violation of Title VII of the Civil Rights Act of 1964, as amended and Title 1 of the Americans with Disabilities Act of 1990, as amended.

---

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |
| Date          Charging Party Signature | |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Buffalo Local Office

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Buffalo Status Line: (866) 408-8075
Buffalo Direct Dial: (716) 551-4442
TTY (716) 551-5923

John E. Thompson, Jr.
Director

Gina Beam
423 Brookshire Road
Youngstown, NY 14174

Re:   *Beam v. Niagara County Community College*
      EEOC Charge No. 846-2017-07083

Dear Ms. Beam:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on an allocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have evaluated your charge based upon the information and evidence submitted. In your charge, you alleged that you were discriminated against by Niagara County Community College ("Respondent") because of sex (female) and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), respectively. Specifically, you alleged that you were harassed and denied equal terms/conditions of employment afforded your male counterparts. You alleged that after you complained you were suspended in retaliation.

Respondent's position statement has been shared with you and you provided additional information. Based upon the information provided, the Commission is unable to conclude that the information establishes a violation of the statues. This does not certify that Respondent is in compliance with Title VII or the ADA. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission has concluded the processing of this charge. Included with this letter is the "Notice of Dismissal and Right to Sue". Following this dismissal, you may only pursue this matter by filing suit against the Respondent within 90 days of receipt of this notice. Otherwise, your right to sue will be lost. Please contact Investigator Jean Mulligan at (716) 551-4443, if you have any questions.

Sincerely,

_____ for
John E. Thompson, Jr.
Director

Date: AUG 2 8 2017

Enc.

CC: Elizabeth Tommaney, Esq.
Housh Law Offices, PLLC
70 Niagara Street
Buffalo, NY 14202

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Gina L. Beam  
423 Brookshire Road  
Youngstown, NY 14174

From: Buffalo Local Office  
6 Fountain Plaza  
Suite 350  
Buffalo, NY 14202

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2017-07083 | Jean E. Mulligan, Investigator | (716) 551-4443 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

/s/ John E. Thompson     AUG 2 8 2017

John E. Thompson,  
Local Office Director     *(Date Mailed)*

Enclosures(s)

cc: Catherine Brown  
Human Resources  
NIAGARA COUNTY COMMUNITY COLLEGE  
3111 Saunders Settlement Road  
Sanborn, NY 14132

Elizabeth Tommaney, Esq.  
HOUSH LAW OFFICES  
70 Niagara Street  
Buffalo, NY 14202

Melanie J. Beardsley  
HODGSON RUSS LLP  
The Guaranty Building  
140 Pearl Street, Suite 100  
Buffalo, NY 14202

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA): The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- The limitations from the impairment no longer have to be severe or significant for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions, such as:** functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is "episodic" (e.g., epilepsy, depression, multiple sclerosis) or "in remission" (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though it lasts or is expected to last fewer than six months.**

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an** actual or perceived impairment (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

## FACTS ABOUT FILING
## AN EMPLOYMENT DISCRIMINATION SUIT
## IN FEDERAL COURT IN NEW YORK STATE

You have received a document which is the final determination or other final action of the Commission. This ends our handling of your charge. The Commission's action is effective upon receipt. Now, you must decide whether you want to file a private lawsuit in court. This fact sheet answers several commonly asked questions about filing a private lawsuit.

## WHERE SHOULD I FILE MY LAWSUIT?

Federal District Courts have strict rules concerning where you may file a suit. You may file a lawsuit against the respondent (employer, union, or employment agency) named in your charge. The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred. New York State has four federal districts:

The United States District Court for the Western District of New York is located at 68 Court Street in Buffalo. It covers the counties of Allegheny, Cattaraugus, Chautauqua, Erie, Genesee, Niagara, Orleans and Wyoming. (716) 551-1700
http://www.nywd.uscourts.gov

The United States District Court for Rochester New York covers the counties of Chemung, Livingston, Monroe, Ontario, Schuyler, Seneca, Steuben, Wayne & Yates. (585) 613-4000

The United States District Court for the Northern District of New York is located at 100 South Clinton Street in Syracuse and covers the counties of Albany, Broome, Cayuga, Chanango, Clinton, Columbia, Cortland, Delaware, Essex, Franklin, Fulton, Greene, Hamilton, Herkimer, Jefferson, Lewis, Madison, Montgomery, Oneida, Onandaga, Oswego, Otsego, Rensselaer, St. Lawrence, Saratoga, Schenectady, Schoharie, Tioga, Tompkins, Ulster, Warren, and Washington. This District Court's pro Se Attorney has offices at 10 Broad Street in Utica New York. (315) 234-8500
http://www.nynd.uscourts.gov

The United States District Court for the Southern District of New York is located at 500 Pearl Street in Manhattan. It covers the counties of Bronx, Dutchess, New York (Manhattan), Orange, Putnam, Rockland, Sullivan, and Westchester. (212) 805-0136
http://www.nysd.uscourts.gov

The United States District Court for the Eastern District of New York is located at 225 Cadman Plaza in Brooklyn and covers the counties of Kings (Brooklyn). Nassau, Queens, Richmond (Staten Island), and Suffolk. (718) 613-2600 httpllwww.nyeduscourts.gov

## WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit must be filed in U.S. District Court within 90 days of the date you receive the enclosed final action. Once this 90 day period is over, unless you have filed suit, you will have lost your right to sue.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gina L. Beam

(b) County of Residence of First Listed Plaintiff: Niagara
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
[scribbled] Pro Se

## DEFENDANTS
Niagara County Community College, Niagara County, James P. Klyczek, et al.

County of Residence of First Listed Defendant: Niagara
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | PERSONAL PROPERTY | LABOR | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment [crossed out] | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C. § 2000e-5 + Title V, Title VII of Civil Rights Act of 1964, amended 1972, 1978 + Civil Rights Act 1991, ADA of 1990, amended 1991

Brief description of cause: I was subjected to sexual harassment, gender discrimination, disability harassment + retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ [scribbled]

CHECK YES only if demanded in complaint: the agreements

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: ___
DOCKET NUMBER: ___

DATE: November 22, 2017

SIGNATURE OF ATTORNEY OF RECORD: [signature] Gina L. Beam

FOR OFFICE USE ONLY

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___